IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:06-10-1 |
| ) | |
| ANDRE L. DANIELS, a/k/a "Oneyea," ) | JUDGE KIM R. GIBSON |
| a/k/a "One," ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & TENTATIVE FINDINGS AND RULINGS

**Gibson, J.,**

**AND NOW**, this 20th day of February, 2007, the Probation Office having conducted a presentence investigation and submitted a presentence report; the United States having filed its position paper as required by Local Criminal Rule 32.1(D) indicating that it has no objections to the presentence report; Defendant having filed a position paper as required by Local Criminal Rule 32.1(D) indicating that he has objections to the presentence report; the United States having filed its amended position; and the Probation Office having submitted the final addendum to the presentence report pursuant to Local Criminal Rule 32.1(F), the Court makes the following tentative findings and rulings:

1) On October 16, 2006, Andre Daniels, a/k/a "Oneyea," a/k/a "One," (hereinafter "Defendant"), appeared before this Court and plead guilty to Count 1 of the indictment at Criminal Number 06-10-1-J, charging him with conspiracy to distribute and possess with intent to distribute five hundred grams or more of cocaine and five grams or more of cocaine base, Schedule II substances, from in or around July 2004 to on or about May 13, 2005, in violation of Title 21 United States Code, Section 846.

2) On January 12, 2007, the United States Probation Office filed a Presentence Investigation Report (hereinafter "PIR") in this matter. On January 29, 2007, the United States filed its position indicating that it had no objections to the PIR. On January 29, 2007, Defendant moved for a downward departure from the Guideline ranges under two

1

separate provisions. Defendant also made several objections to the PIR. On January 30, the Government filed an Amended Position with Respect to Sentencing Factors. The Probation Office filed an addendum to the PIR on February 8, 2007.

3) Defendant's first motion claims that the criminal history category in the PIR substantially overstates the severity of his criminal history. U.S.S.G. § 4A1.3. Defendant also asserts that the totality of the circumstances in this case make a downward departure under § 5K2 appropriate.

4) Defendant also makes the following objections to the PIR:

   A) Defendant first seeks to clarify that he never cohabited with codefendant Stacie Jo Bobinets, despite the suggestion to the contrary in Paragraph 7. Defendant also contends that Paragraph 13 of the PIR improperly fails to set forth the source of the incriminating information contained therein;

   B) Additionally, Defendant objects to Paragraphs 7-13 of the PIR, on the basis that they violate the terms of an agreement between himself and the Government. Defendant was interviewed by state and federal agents in September 2005. That debriefing was the product of an agreement by which Defendant promised to cooperate with authorities and the Government promised not to use the information gleaned from that cooperation in its case in chief against Defendant;

   C) Defendant objects to Paragraphs 17 and 20 of the PIR because they recount information relevant to Counts 5 and 7 of the indictment found at Criminal Number 06-10-J. The terms of Defendant's plea agreement did not require him to accept responsibility for the conduct charged in Counts 5 and 7,

   D) Defendant also objects to Paragraph 32 of the PIR, which states that Defendant acted as an organizer or leader of the conspiracy listed in the indictment. Because Defendant's codefendants were engaged in the distribution of drugs prior to their involvement with Defendant, and because Defendant did not accept responsibility for the criminal conduct charged in Counts 5 and 7 of the indictment, Defendant argues that a four-point upward adjustment for his role in the offense is unwarranted;

   E) Lastly, Defendant denies that he was on parole for a sentence imposed in Pennsylvania state court at the time of the instant offense, as Paragraph 59 of the PIR asserts. Defendant claims the parole in question ended in January 2005, prior to much of the conduct described in the indictment. Defendant therefore requests a different criminal history computation.

5) In its addendum to the PIR, the Probation Office avers the following:

   A) The information utilized to calculate Defendant's sentencing range was taken from sources other than the September 2005 debriefing. Though the Probation Office used information learned in that interview to provide background information, that background was not material to the calculation of its sentencing recommendation. The Probation Office has also not attributed to Defendant the weight of the drugs relevant to Counts 5 and 7 of the indictment. The Probation Office claims that, consistent with the plea agreement, it has only considered Defendant accountable for the conduct charged in Counts 1, 2, 3, 4, 6, and 8 of the indictment;

   B) The Probation Office also states in its addendum that there were numerous participants in the conspiracy who were not prosecuted in the federal system or not charged at all. Given the definition of "participant" as used in the relevant provision of the Sentencing Guidelines, the Probation Office need not identify five convicted coconspirators before it can consider Defendant a leader or organizer.

   C) Lastly, the Probation Office maintains that Count 1 of the indictment, to which Defendant plead guilty, encompasses dates partially within the period that Defendant was on parole for a state conviction. Thus, two points were properly added to Defendant's criminal history computation under U.S.S.G. § 4A1.1(d).

6) According to the Government's amended position statement:

   A) None of the information produced in the September 2005 debriefing has been used improperly. The agreement that led to the interview stated only that "the government will not offer in evidence in its case in chief any statements made by Andre Daniels pursuant to this agreement." The United States argues that the term "case in chief" encompasses only the portion of a trial where it would present evidence against Defendant. Because Defendant plead guilty, the Government maintains that it is legally impossible for it to use any information in its case in chief;

   B) The United States also reiterates the Probation Office's claim that none of the information taken from Defendant's cooperation was used to calculate the recommended sentencing range;

   C) Lastly, the Government states that it will, "if necessary at [Defendant's] sentencing proceeding, present the testimony of at least five individuals who will

3

testify as to [Defendant's] leadership role in the conspiracy."

7) Upon consideration of the foregoing, the Court makes the following tentative rulings:

A) Pursuant to U.S.S.G. § 4B1.1, Defendant is a career offender because he was over seventeen years old at the time of the offense; the charge to which Defendant plead guilty is a controlled-substances offense; and defendant has at least two prior felony convictions of either a crime of violence or a controlled-substance offense. Specifically, Defendant was convicted of Distribution of a Controlled Substance with Intent to Distribute Within 1,000 Feet of a School in the New Jersey Superior Court, Union County, at Docket No. 94-06-866, on June 29, 1994, and Distribution of a Controlled Substance in the New Jersey Superior Court, Union County, at Docket No. 96-08-1187, on August 29, 1996.[1] Thus, the Guidelines favor the greater of the offense levels set by the table at U.S.S.G. § 4B1.1(b) and the offense level as it would otherwise be calculated;

B) The Court will deny Defendant's request for a § 4A1.3 downward departure. Defendant argues that the career offender category overstates his criminal history because two past drug-related convictions are not "significantly loathsome to justify incarceration extending into his old age." Document No. 185, p. 6. First, Defendant was convicted for Distribution of a Controlled Substance with Intent to Distribute Within 1,000 Feet of a School in the New Jersey Superior Court, Union County, at Criminal Docket No. 94-06-866, on June 29, 1994. Defendant was twenty-one years old at the time, plead guilty to the charge, and received a three-year prison sentence. When he was twenty-four years old, Defendant was also arrested for selling 2.48 grams of cocaine to a police officer. He plead guilty to Distribution of a Controlled Substance in the New Jersey Superior Court, Union County, at Docket No. 96-08-1187, on August 29, 1996, and was sentenced to four years of imprisonment. Despite the arguments, the Court tentatively finds that the criminal history recounted in the PIR demonstrates an entrenched criminal tendency and a persistent refusal to rehabilitate. Defendant's arrest at the age of 10 was the first of seven juvenile adjudications, which included a charge of aggravated assault and three controlled-substance charges. Six of these arrests occurred in dramatically quick succession in a seventeen-month period. Defendant's criminal ways continued after reaching majority: one arrest in 1991, three in 1992; one in 1993; one in 1994; three in 1996; one in 2000; two in 2001; and two in 2005, including for the instant

---

[1] For these convictions, Defendant received prison sentences of three and four years, respectively. Defendant also plead guilty to Possession of a Controlled Substance in New Jersey Superior Court, Union County, at Docket No. 92-12-1472, on December 13, 1993. The Court is uncertain whether this was a felony charge.

4

offense. Both the extent of Defendant's record and the consistency of the offenses—of the fourteen arrests, six were on controlled-substance charges—suggest the propriety of career-offender status. Defendant has received over ten years of prison sentences, but within months of his last release was committing acts charged in Count 1 of the indictment in this case. Defendant also admits to a history of drug and alcohol abuse that may aggravate his apparent recidivism. Lastly, even beyond his arrest record, Defendant indicates that he has frequently supported himself with the sale of drugs. The Court at this time cannot agree that Defendant's criminal history category significantly overstates his criminal history or the likelihood that he will commit other crimes;[2]

C) Though the Court finds it may downwardly depart from the advisory Guidelines range when the totality of the circumstances compel leniency, it also tentatively denies Defendant's § 5K2.0 motion. Defendant generally argues that a combination of circumstances should lead to a lesser sentence but has not enumerated—and the Court cannot independently locate—particular mitigating circumstances. The Court thus tentatively finds that there is nothing extraordinary about Defendant's case to merit a departure under Part K of Chapter 5;

D) The sentencing calculation provided by the Probation Office did not rely on any information contained in Paragraphs 7-13 of the PIR. Moreover, the inclusion in the PIR of background information first learned at the debriefing does not breach any agreement between the Government and Defendant. Additionally, because of his career-offender status, Defendant's offense level may be determined by the table at U.S.S.G. § 4B1.1(b). Accordingly, even if the Government had breached its agreement with regard to the September 9, 2005, debriefing, such breach may have no effect on the advisory sentencing range;

E) The Court expresses no opinion as to Defendant's arguments concerning Paragraphs 7 and 13 of the PIR, as they could not affect the sentencing range that the Guidelines recommend;

F) Similarly, the Court at this time withholds judgment as to Defendant's objection to the upward adjustment under § 3B1.1(A). To the extent that the issue of Defendant's leadership role in the conspiracy remains in question, the Court will

---

[2] The Court also notes that were it to grant Defendant's § 4A1.3 motion, the Guidelines suggest that a decrease of only one criminal history category would be appropriate. U.S.S.G. § 4A1.3(b)(3). At most, therefore, Defendant's motion could only result in a 20-25 month decrease in the advisory range. *See* § 5A.

            make a finding after the presentation of evidence on this point at the February 26, 2007, sentencing hearing;

    G)    For the same reason, the Court tentatively finds that the conduct described in Paragraphs 17 and 20 of the PIR does not affect the applicable guideline range. The Court therefore offers no opinion at this time regarding Defendant's objection to those paragraphs;

    H)    The Court also tentatively finds that Defendant's guilty plea to Count 1 of the indictment—which covers July 2004 to May 2005—encompassed conduct that occurred prior to the expiration of his state-imposed parole period in January 2005. Therefore, the Probation Office validly considered Defendant's parole status when it added two points to his criminal history calculation pursuant to U.S.S.G. § 4A1.1(d).

8)    As to the remainder of the PIR, the Court, utilizing the 2006 edition of the Guideline Manual, effective November 1, 2006, makes the following tentative findings, which will be applicable at the time of sentencing:

    A)    The base offense level is calculated according to the total amount of controlled substances attributable to Defendant: 300.9 grams of cocaine and 2.2 grams of cocaine base.[3] According to the Drug Equivalency Table in U.S.S.G. § 2D1.1, these different controlled substances are combined into 104.18 kilograms of marihuana. Under U.S.S.G. § 2D1.1(c)(7), the base offense level for 104.18 kilograms of marihuana is 26;

    B)    There are no specific offense characteristics;

    C)    There are no victim-related or obstruction-of-justice adjustments;

    D)    The Court need not decide at this time whether there is an adjustment for Defendant's role in the offense under U.S.S.G. § 3B1.2(b), as more fully described below. If there is any upward adjustment under this provision, however, it would not be greater than 4;

    E)    The adjusted offense level is therefore at most 30;

    F)    There is an adjustment of -2 for Defendant's acceptance of responsibility for his

---

[1] These amounts do not include the .85 grams of cocaine and 9.8 grams of cocaine base described in Paragraphs 17 and 20 of the PIR.

criminal conduct, pursuant to U.S.S.G. § 3E1.1(a). There is an additional downward adjustment of 1 for Defendant's timely notification of his intention to plead guilty, pursuant to U.S.S.G. § 3E1.1(b);

G) The adjusted offense level is therefore at most 27;

H) Because of his career-offender status, and because the charge recited in Count 1 of the indictment carries a statutory maximum of 40 years of imprisonment, 21 U.S.C. § 841(b)(1)(B), Chapter Four enhances Defendant's offense level to 34. U.S.S.G. § 4B1.1(b). This enhancement renders moot Defendant's objection to the 4 point adjustment for his role in the offense;

I) U.S.S.G. § 4B1.1(b) instructs that Defendant's 3 point downward adjustment be reapplied to the enhanced offense level, giving Defendant a total offense level of 31;

J) Defendant's Juvenile Adjudications and Adult Criminal Convictions result in a criminal history subtotal of 15. That score alone would establish a criminal history category of VI pursuant to U.S.S.G. Chapter 5, Part A;

K) The Court has tentatively found that the parole period for a previous conviction ended in January 2005, five months after the first events encompassed by Count 1 of the indictment in this case. Because Defendant was on parole at the time of the instant offense, 2 points are added to his criminal history subtotal pursuant to U.S.S.G. § 4A1.1(d);

L) One point is added to the criminal history subtotal under U.S.S.G. § 4A1.1(e) because the instant offense was committed less than 2 years following Defendant's release from custody on December 3, 2003;

M) Defendant's criminal history score is thus 18, establishing a criminal history of VI. The Court notes that even if it sustained Defendant's objection and did not add two points to his criminal history score for being on parole at the time of the instant offense, Defendant's criminal history category would still be VI;

N) The statutory maximum term of imprisonment for Count 1 is not less than 5 years and not more than 40 years, pursuant to 21 U.S.C. §§ 846, 841(b)(1)(B)(ii), and 841(b)(1)(B)(iii);

O) Based upon an adjusted offense level of 31 and a criminal history category of VI, the Court tentatively finds pursuant to U.S.S.G. § 5A that Defendant's

Guidelines range is 188 to 235 months of imprisonment;

P) The Court tentatively finds that Defendant has plead guilty to a Class B felony. 18 U.S.C. § 3559(a)(2). Accordingly, a term of at least 4 years of supervised release is required by statute if the Court imposes a sentence of imprisonment, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);

Q) The Court tentatively finds that the authorized term of supervised release under the Guidelines is at least 3 years but not more than 5 years. U.S.S.G. § 5D1.2(a)(1). In no event, however, shall a sentence of supervised release be less than the minimum required by statute, pursuant to U.S.S.G. § 5D1.2(b). Additionally, a term of supervised release is required if the Court imposes a term of imprisonment of more than 1 year, or when required by statute. U.S.S.G. § 5D1.1(a). Therefore, the range of supervised release is 4 to 5 years;

R) Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute. 18 U.S.C. § 3561(a); 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5B1.1(b);

S) The Court tentatively finds that the maximum fine for Count 1 is $2,000,000, pursuant to 21 U.S.C. § 840(b)(1)(B). A special assessment of $100 is mandatory under 18 U.S.C. § 3013;

T) The fine range for the instant offenses under the Guidelines is from $15,000 to $2,000,000, pursuant to U.S.S.G. § 5E1.2(c);

U) The Court tentatively finds that restitution is not an issue in this case;

V) Under 21 U.S.C. § 862(a)(1)(C), the Court tentatively finds that it may, at its discretion, declare Defendant permanently ineligible for any or all federal benefits, as this is at least his third conviction for distribution of a controlled substance;

W) Pursuant to U.S.S.G. § 5F1.6, the Court may deny eligibility for certain federal benefits of any individual convicted of distribution or possession of a controlled substance.

9) The Court issues these tentative findings as notice to the Parties under Local Criminal Rule 32.1(H). The Parties may, at any time prior to the sentencing hearing, file objections to these tentative findings, but should not simply raise objections already stated. The Court also notes that on February 13, 2007, Defendant moved to withdraw

8

his guilty plea under FED. R. CRIM. P. 11(d). Document No. 191. The Court will separately address that motion once it has considered the opposition of the United States and will revisit this Order as necessary.

        **BY THE COURT:**

        */s/ Kim R. Gibson*

        **KIM R. GIBSON**
        **UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**